JOHN ALLEN, ADMINISTRATOR, v. BROWN BROTHERS LUMBER
COMPANY.

(Filed 18 May, 1921.)

**Employer and Employee—Master and Servant—Negligence—Duty of Employer—Provision.**

>  *Held*, under the facts of this case, the principle applies which relieves
>  the employer from liability when an accident to an employee has not
>  resulted from some omission or defect which the employer is required to
>  fulfill, in the reasonable and proper discharge of his duties, or from which
>  some appreciable or substantial injury might be expected to occur when
>  tested by the standard of reasonable prudence and foresight.

APPEAL by plaintiff from *Adams, J.,* at January Special Term, 1921,
of YANCEY.

Civil action to recover damages for an alleged negligent injury and
killing of plaintiff's intestate.

There were facts in evidence tending to show that the deceased and
his younger brother, on 29 June, 1920, employed by the defendant for
the purpose, were engaged in stacking lumber on the defendant's mill
yard. While working upon a pile of lumber some twelve or thirteen
feet high plaintiff's intestate evidently fell to the ground and was killed.
There were no eye-witnesses to the accident, but within five or ten
minutes after the fall his body was found lying on the ground between
the pile of lumber on which he had been working and the dock. The
dock was approximately fifteen or sixteen feet high and about two or
three feet from the pile of lumber. "One plank that had been on the
dock was down there with him, but the other planks were still on the
dock." Upon examination it was discovered that his neck was broken
and some foam or froth was about his mouth. Whether the intestate
fell in attempting to climb or step from the pile of lumber onto the
dock, or by reason of some sudden fit or fainting spell, is a matter of
conjecture.

At the close of plaintiff's evidence there was a judgment as of non-
suit. Plaintiff appealed.

*Charles Hutchins and A. Hall Johnston for plaintiff.*
*S. J. Ervin and Watson, Hudgins, Watson & Fouts for defendant.*

PER CURIAM. After a careful examination of the record we have dis-
covered no evidence upon which the defendant may be held liable as
for a negligent breach of duty.

A perusal of our decisions will show that in order for liability to
attach, in a case of simple, ordinary, everyday employment and where

the laborer is allowed to exercise his own judgment as to how the work should be done, it must appear, among other things, that the injury has resulted from some omission or defect which the employer is required to fulfill or remedy, in the proper and reasonable discharge of his duties, and that the omission or defect complained of and made the basis of the charge is of a kind from which some appreciable and substantial injury might be expected to occur when tested by the standard of reasonable prudence and foresight. *Winborne v. Cooperage Co.,* 178 N. C., 88, and cases cited.

We are unable to find any error in the judgment of nonsuit.

Affirmed.